United States District Court
Southern District of Texas
FILED

JUL 1 8 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OSCAR RODRIGUEZ GARZA, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-02-226 |
| | § | |
| JANIE COCKRELL, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| Respondent. | § | |

## RESPONDENT COCKRELL'S ANSWER
## WITH BRIEF IN SUPPORT

Petitioner, Oscar Rodriguez Garza ("Garza"), was properly convicted in a Texas state court for the felony offense of attempted murder. He now challenges his conviction in this Court pursuant to 28 U.S.C. § 2254. However, because his federal habeas petition is clearly time-barred, it must be dismissed.

### JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

### DENIAL

The Director denies each and every allegation of fact made by Garza except those supported by the record and those specifically admitted herein.

### STATEMENT OF THE CASE

The Director has lawful custody of Garza pursuant to a judgment and sentence of the 138th District Court of Cameron County, Texas, in cause number 90-CR-960-B, styled *The State of Texas v. Oscar Rodriguez Garza*. Transcript ("Tr") at 27-30. Garza was charged with the felony offense of attempted murder, enhanced by a prior conviction for burglary of a habitation. Tr 6. He entered a plea of not guilty, was tried by a jury, and was found to be guilty on November 6, 1990. Tr 27. The trial court assessed punishment of imprisonment for life. Tr 27.

Garza's conviction was affirmed by the Thirteenth Court of Appeals of Texas on November 4, 1993. *Garza v. State*, No. 13-93-00176-CR; Exhibit A.[1] Garza did not seek a petition for discretionary review ("PDR") to the Texas Court of Criminal Appeals. Federal petition at 3. Garza has filed one state writ application since his appeal.[2] *Ex parte Garza*, Application No. 24,440-02. It was filed in the trial court on August 14, 2000. *Id.* at index, 32, 33, 34. The Texas Court of Criminal Appeals denied the application without written order on October 2, 2002. *Id.* at cover.

## STATEMENT OF FACTS

Because this petition is clearly time-barred, a recitation of the facts of the case are irrelevant.

## PETITIONER'S ALLEGATIONS

The Director understands Garza's allegations to be as follows:

1. Garza received ineffective assistance of appellate counsel because appellate counsel failed to raise on appeal that Garza received ineffective assistance of counsel because:

   a. trial counsel failed to object to the prosecutor's statement during *voir dire* that his indictment was enhanced with a prior conviction;

   b. trial counsel failed to object to the prosecutor's introduction of the results of an unrecorded custodial interrogation;

   c. trial counsel failed to object to the prosecutor's impeachment of Garza with an extraneous offense not involving moral turpitude;

   d. trial counsel failed to object to the prosecutor's impeachment of Garza with unadjudicated bad acts

## STATE COURT RECORDS

Records of Garza's state trial, appeal and state habeas corpus proceedings are available for the court's inspection and will be forwarded to the court as soon as they have been reproduced.

---

[1] Garza's direct appeal records do not contain a copy of the direct appeal opinion, and a copy was not available on Westlaw. However, Exhibit A shows that the opinion was issued on November 4, 1993. It should be noted that appellate counsel filed an *Anders* brief.

[2] Garza's first state writ sought an out-of-time appeal. This writ was granted. *Ex parte Garza*, No. 71,619.

## EXHAUSTION OF STATE REMEDIES

At this time, resolution of the exhaustion requirement is not necessary pending the court's resolution of the instant motion to dismiss. However, should this court deny the Director's motion to dismiss, the Director reserves the right to address whether Garza has exhausted his state court remedies.

## GARZA'S PETITION MUST BE DISMISSED PURSUANT TO 28 U.S.C. § 2244(d)

Garza executed the instant federal petition for writ of habeas corpus on November 18, 2002;[3] therefore, his petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997). As it relates to this motion to dismiss, the AEDPA provides that:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or

---

[3] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system). Thus, the instant petition could not have been "filed" sooner than November 18, 2002, the date Garza signed it. Federal petition at 9.

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 2000).

The record does not reflect that any unconstitutional "State action" impeded Garza from filing for federal habeas corpus relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Furthermore, Garza has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. 28 U.S.C. § 2244(d)(1)(D). Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Accordingly, the latest date, the date the limitations period should begin to run, is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). In this case, the intermediate court of appeals affirmed the trial court's judgment on November 4, 1993, Exhibit A, and Garza did not seek a PDR to the Texas Court of Criminal Appeals. Federal petition at 3. Thus, at the latest, Garza's conviction became final when the time for filing a PDR to the Texas Court of Criminal Appeals expired, that is, thirty days after the entry of the judgment, December 4, 1993.

However, in cases such as this, where the petitioner's conviction became final prior to the enactment of the AEDPA, the Fifth Circuit has held that a petitioner must be given a reasonable time after the enactment of the AEDPA to get federal litigation underway. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 846 (1999); *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). The Fifth Circuit has held that a reasonable time is a one-year period to begin on April 24, 1996, the date of the enactment of the AEDPA. *Flores*, 135 F.3d at 1006; *Flanagan*, 154 F.3d at 200. Additionally, the tolling provision contained in 28 U.S.C. § 2244(d)(2) applies to the reasonable time grace period. *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). In this case, the one year grace period began to run with the passage of the AEDPA on April 24, 1996, and it closed on April 24, 1997. *See Flanagan*, 154 F.3d at 202 (Rule 6(a) of the Federal

Rules of Civil Procedure applies to the computation of the limitations period). Garza's state writ application was filed on August 14, 2000, *Ex parte Garza*, Application No. 24,440-02 at index, 32, 33, 34, well after the expiration of the grace period; thus, the state writ application did not have a tolling effect. Accordingly, Garza's federal petition, executed on November 18, 2002, was more than five years late. This court, therefore, should dismiss Garza's petition pursuant to the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

## CONCLUSION

For all of the foregoing reasons, the Director respectfully requests that Garza's petition for writ of habeas corpus be dismissed pursuant to the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

JAY KIMBROUGH
Deputy Attorney General
for Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Postconviction Litigation Division

\*Attorney in Charge

\*JAMES M. TERRY, JR.
Assistant Attorney General
State Bar No. 24005199

5

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I, James M. Terry, Jr., Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Answer With Brief in Support has been served by placing it in the United States Mail, postage prepaid, on this the 16th day of July, 2003, addressed to:

Oscar Rodriguez Garza
TDCJ-ID # 568139
McConnell Unit
3001 South Emily Drive
Beeville, TX 78102

_____
JAMES M. TERRY, JR.
Assistant Attorney General

6

# EXHIBIT A



### WELCOME TO THE: THIRTEENTH COURT OF APPEALS

- TJ Online Home
- Using This Site
- Contacting Us

Case Search Results on Case # 13-93-00176-CR          CaseMail

## Case Information:
| | |
|---|---|
| Case Number: | 13-93-00176-CR |
| Date Filed: | 4/13/1993 |
| Style: | Garza, Oscar Rodriguez |
| v.: | The State of Texas |
| Original Proceeding: | No |
| Transferred From: | |
| Transfer In Date: | |
| Transfer Case No: | |
| Transferred To: | |
| Transfer Out Date: | |

## Trial Court Information:
| | |
|---|---|
| Trial Court: | 138th District Court |
| Trial Court Judge: | Roberto Garza |
| Trial Court Case #: | 90-CR-960-B |
| Trial Court Reporter: | Alexander, Garry |
| Punishment: | Life in TDCJ-ID |

## Parties:
| Party | Party Type |
|---|---|
| Garza, Oscar Rodriguez | Appellant |
| The State of Texas | Criminal - State of Texas |

## Case Events:
| Date | Event Type | Description |
|---|---|---|
| 4/13/1993 | Created for Data Conversion -- an event inserted to correspond to the beginning of a process | |
| 4/13/1993 | Notice of Appeal Filed | Appellant |
| 5/3/1993 | Transcript Filed | |
| 5/10/1993 | Statement of Facts Filed | |
| 5/10/1993 | Statement of Facts Number of Pages in Remarks | |
| 5/13/1993 | Mot. for Ext. to File Brief | Appellant |

| | | | |
|---|---|---|---|
| 📁 | 5/27/1993 | Mot. for Ext. File Brief Disp. | Appellant |
| 📁 | 6/29/1993 | No oral argument requested | Appellant |
| 📁 | 6/29/1993 | At Issue | |
| 📁 | 6/29/1993 | Brief Filed | Appellant |
| 📁 | 10/15/1993 | Submission | |
| 📁 | 10/29/1993 | Submitted | |
| 📁 | 10/29/1993 | Submission | |
| 📁 | 11/4/1993 | Opinion Issued | |
| 📁 | 1/7/1994 | Mandate Issued | |
| 📁 | 4/30/2003 | Motion to Withdraw _____ Filed | Attorney General |
| 📁 | 5/8/2003 | MOTION WITHDRAW _____ DISP. | Attorney General |
| 📁 | 5/8/2003 | CHECKOUT SHT FOR REQUESTED DOCUMENTS | |
| 📁 | 5/8/2003 | Order Entered | |

## Calendars:

| | Set Date | Calendar Type | Reason Set |
|---|---|---|---|
| 📁 | 1/7/1994 | Case Stored | Case Store |
| 📁 | 5/13/2003 | Status | Green card due |
| 📁 | 6/23/2003 | Status | Check for compliance with Order |

💡 **Hint:** Click on the folder icons above for more case information.

© 2003 State of Texas
Office of Court Administration
Privacy Policy

Home Page | Overview | Contact Information | Profile of Justices | Employment | Docketing Statements
Case Search | Opinion Search | Released Opinions | Historical Opinions | Case Submissions
Calendar Explorer | Edit User Info | Case Tracking | Opinion Tracking | Procedures & Rules
Appellate Procedure | Civil Procedure | Evidence | Judicial Administration | Parental Notification
Local Rules | Filing Fees | Search Texas Judiciary

http://www.13thcoa.courts.state.tx.us/opinions/case.asp?FilingID=1153    7/16/2003