7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 04 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| OSCAR RODRIGUEZ GARZA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-02-226 |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Oscar Rodriguez Garza (Petitioner) has filed a 28 U.S.C. Section 2254 petition for a writ of habeas corpus. Because Petitioner's claims are time barred, the petition should be DENIED.

## BACKGROUND

Petitioner Garza is currently incarcerated at the McConnell Unit in Beeville, Texas, pursuant to judgment of the 138th District Court of Cameron County, Texas, in cause number 90-CR-960-B.[1] Petitioner was charged with the felony offense of attempted murder, enhanced by a prior conviction for burglary of a habitation.[2] He entered a plea of not guilty, was tried by a jury, and was found to be guilty on November 6, 1990.[3] The trial court assessed punishment of imprisonment for life.[4]

---

[1] See Transcript at 27-30.

[2] Id. at 6.

[3] Id. at 27.

[4] Id.

1

Garza's conviction was affirmed by the Thirteenth Court of Appeals of Texas on November 4, 1993.[5] Garza did not seek a petition for discretionary review ("PDR") to the Texas Court of Criminal Appeals.[6] Garza has filed one state writ application since his appeal.[7] It was filed in the trial court on August 14, 2000.[8] The Texas Court of Criminal Appeals denied the application without written order on October 2, 2002.[9]

## ALLEGATIONS

Garza brings the following claim:

Petitioner claims that he received ineffective assistance of counsel at the appellate level because appellate counsel failed to raise on appeal that Garza received ineffective assistance of counsel at trial due to the fact that:

1)  trial counsel failed to object to the prosecutor's statement during *voir dire* that his indictment was enhanced with a prior conviction;

2)  trial counsel failed to object to the prosecutor's introduction of the results of an unrecorded custodial interrogation;

3)  trial counsel failed to object to the prosecutor's impeachment of Garza with an extraneous offense not involving moral turpitude; and

4)  trial counsel failed to object to the prosecutor's impeachment of Garza with unadjudicated bad acts.

---

[5] Garza v. State, No. 13-93-00176-CR.

[6] Fed. Writ Pet. at 3.

[7] Ex parte Garza, Application No. 24,440-02.

[8] Id. at index, 32, 33, and 34.

[9] Id. at cover.

2

## ANALYSIS

Petitioner Garza filed the instant federal petition for writ of habeas corpus on December 2, 2002. As such, his petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[10] The AEDPA provides a one-year limitation period for filing federal habeas corpus petitions. The provisions of 28 U.S.C. Section 2254(d) set forth four different scenarios that start the running of the one-year limitations period:

> (d)(1) A one-year period of limitation should apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record does not reflect that any unconstitutional "state action" impeded Garza from

---

[10] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

filing for federal habeas corpus relief prior to the end of the limitations period.[11] In addition, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.[12] Furthermore, Garza has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final.[13] Accordingly, the latest date (the date the limitations period should begin to run), is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[14] In this case, the intermediate court of appeals affirmed the trial court's judgment on November 4, 1993, and Garza did not seek a PDR to the Texas Court of Criminal Appeals. Thus, at the latest, Garza's conviction became final when the time for filing a PDR to the Texas Court of Criminal Appeals expired, that is, thirty days after the entry of judgment or December 4, 1993.

In cases similar to this one, where the petitioner's conviction became final prior to the enactment of the AEDPA, the Fifth Circuit has held that a petitioner must be given a reasonable time after the enactment of the AEDPA to proceed with federal litigation.[15] According to the Fifth Circuit, a reasonable time is a one-year period to begin on April 24, 1996, the date of the enactment of the AEDPA.[16] The Fifth Circuit has also held that the tolling provision contained

---

[11] See 28 U.S.C. § 2244(d)(1)(B).

[12] See 28 U.S.C. § 2244(d)(1)(C).

[13] See 28 U.S.C. § 2244(d)(1)(D).

[14] See 28 U.S.C. § 2244(d)(1)(A).

[15] See United States v. Flores, 135 F.3d 1000, 1005 (5th Cir. 1998), cert. denied, 525 U.S. 1091, 119 S. Ct. 846 (1999); Flanagan v. Johnson, 154 F.3d 196, 200 (5th Cir. 1998).

[16] See Flores, 135 F.3d at 1006; Flanagan, 154 F.3d at 200.


in 28 U.S.C. § 2244(d)(2) applies to the reasonable time grace period.[17] In this case, the one-year grace period began to run with the effective date of the AEDPA, on April 24, 1996, and it closed on April 24, 1997. Garza's state writ application was filed on August 14, 2000, well after the expiration of the grace period; thus the state writ application did not have a tolling effect. Accordingly, Garza's federal petition, executed on November 18, 2002, was more than five years late. Therefore, Garza's 28 U.S.C. Section 2254 petition for a writ of habeas corpus should be dismissed in accordance with the one-year statute of limitations contained in 28 U.S.C. Section 2244(d).

## RECOMMENDATION

For the reasons set forth above, Petitioner's 28 U.S.C. Section 2254 Petition for Habeas Corpus Relief should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[18]

DONE at Brownsville, Texas this 4th day of August, 2003.

Felix Recio
United States Magistrate Judge

---

[17] See Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998).

[18] Douglass v. United States Automobile Association, 79 F.3d 1415, 1418 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| OSCAR RODRIGUEZ GARZA, § <br> Petitioner, § <br> § <br> v. § <br> § <br> JANIE COCKRELL, DIRECTOR, § <br> TEXAS DEPARTMENT OF CRIMINAL § <br> JUSTICE, INSTITUTIONAL DIVISION, § <br> Respondent. § | CIVIL ACTION NO. B-02-226 |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation be ADOPTED. Furthermore, Petitioner's 28 U.S.C. Section 2254 petition is hereby DENIED.

DONE in Brownsville, Texas on this _____ day of _____, 2003.

_____
Hilda G. Tagle
United States District Judge