Case 1:02-cv-00226   Document 11   Filed in TXSD on 03/23/2004

United States District Court
Southern District of Texas
ENTERED
MAR 2 4 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk _____

United States District Court
Southern District of Texas
FILED
MAR 2 3 2004
Michael N. Milby, Clerk of Court

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OSCAR RODRIGUEZ GARZA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-02-226 |
| JANIE COCKRELL, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Institutional Division, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE REGARDING CERTIFICATE OF APPEALABILITY

On August 4, 2003, this Court recommended that the district court deny habeas relief in the above-styled civil cause number (Docket Entry No. 7). On October 30, 2003, the district court adopted this Court's Report and Recommendation and entered an order denying habeas relief and dismissing the case (Docket Entry No. 9). The Petitioner has since filed a Notice of Appeal (Docket Entry No. 10), which caused the district clerk's office to forward the record to the Fifth Circuit. Accordingly, this Court did not have the opportunity to treat the Petitioner's Notice of Appeal as a request for Certificate of Appealability ("COA") as required by circuit precedent and the rules of procedure. *See* F.R.A.P. Rule 22(b); *U.S. v. Youngblood*, 116 F.3d 1113 (5th Cir. 1997). As the Fifth Circuit has made clear, appellate review of this case cannot proceed until this Court rules on the issuance of a COA. For the reasons set out below, Petitioner's request for a COA should be denied.

### ANALYSIS

A COA may issue only if the Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court set the standard for

evaluating the issuance of a COA as follows:

> Where a district Court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also* *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 1039-40, 154 L.Ed.2d 931 (2003).

Garza's habeas petition raised a number of allegations related to ineffective assistance of counsel. His petition was denied, however, based on the fact that it was untimely. *See* Docket Entry No. 7 at pages 3-5; *see also* Docket Entry No. 9 (adopting magistrate's report and recommendation). Not only was the petition untimely, but according to this Court's calculations, it was grossly so. More specifically, this Court determined that Garza filed his petition more than five years late. *See* Docket Entry No. 7 at page 5.

After reviewing the Petitioner's habeas claims –as well as this Court's rulings in regard to said claims– the Court is confident that no reasonable jurist would have any reason to find the Court's determinations to be debatable or wrong. Furthermore –and more importantly, given the procedural disposition of this case– jurists of reason would not find it debatable whether the district court was correct in its ruling regarding the untimeliness of Garza's petition. *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604. Although Diaz's petition raises important issues that are

deserving of this Court's careful consideration, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Request for COA should be denied. *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604.

### RECOMMENDATION

For the aforementioned reasons, it is RECOMMENDED that the Petitioner's request for COA be DENIED.

### NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas this 23rd day of March, 2004.

Felix Recio
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| OSCAR RODRIGUEZ GARZA, § <br> Petitioner, § <br> § <br> v. § <br> § <br> JANIE COCKRELL, Director, Texas § <br> Department of Criminal Justice, § <br> Institutional Division, § <br> Respondent. § | CIVIL ACTION NO. B-02-226 |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced civil cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation should be ADOPTED.

It is therefore ORDERED, ADJUDGED, and DECREED that the Petitioner's request for a Certificate of Appealability should be, and is, hereby DENIED.

DONE at Brownsville, Texas, this _____ day of _____, 2004.

      Hilda G. Tagle
      United States District Judge