UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
APR 1 4 2004
Michael N. Milby
Clerk of Court

OSCAR RODRIGUEZ, )
PETITIONER, )
)
v. )
) CIVIL ACTION NO. B-02-226
JANIE COCKRELL, DIRECTOR TEXAS )
DEPARTMENT OF CRIMINAL JUSTICE, )
INSTITUTIONAL DIVISION, )
RESPONDENT. )

PETITIONER'S OBJECTIOBN TO REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE REGARDING CERTIFICATE OF APPEALABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, OSCAR RODRIGUEZ GARZA, by and through himself, Pro Se, and respectfully addresses the Honorable Court in Petitioner's Objection To Report and Recommendation of the Magistrate Judge regarding Certificate of Appealability. In support of Petition Petitioner states as follows;

I.

Petitioner's history of the case is known to the Honorable Court. Likewise Petitioner's allegations, four (4) regarding ineffective assistance of... I will proceed with the following:

1. On 03-23rd., 2004 the above mentioned instrument was DONE and signed by the Magistrate Judge.

2. Petitioner was served, through the mail room Unit at Wm. G. Mc Connell on 03-29th., 2004.

II.

For the record, this is Petitioner's Second Objection to Magistrate Judge's Report and Recommendation. Please note:

II.

1.  Magistrate Judge Report and Recommendation DONE AND SIGNED on 08-08-2003.

2.  Petitioner mailed Objections, first one, on 08-20-2003, to said Report and Recommendation along with Memorandum of Law. Please note Petitioner received said copy through mailroom on 08-08-2003, four (4) days after it was DONE and signed.

3.  On 10-30-2003, The District Court adopted Magistrate Judge Report and Recommendation.

4.  Due to the fact that Petitioner wanted to preserve his right to appeal, he mailed his Notice of Appeal on 11-12-2003. This was done on account that no ruling and or acknowledgement had been received on his Objections.

III.

Petitioner respectfully asks that both Objections be incorporated into the record regarding Certificate of Appealability.

IV.

The following was stated in the Report,"... raises a number of allegations related to ineffective assistance of counsel." His petition was denied, however, based on the fact that it was untimely, SEE DOCKET ENTRY No. 7 at pages 3-5; see also DOCKET Entry No. 9 ( Adopting magistrate report and recommendation).

The Honorable Court has failed to acknowledge the Frivolous Anders Brief filed by the Court Appointed Appellate counsel. Please note said brief was submitted in Petitioner's first

2.

IV. Con'd

Objection as Exhibit #1. Further, the prejudice and or harm caused was that the four (4) so called allegations were never heard, much less advanced. There were no Findings OF Facts and conclusions of Law rendered by the Honorable Texas Court of Criminal Appeals, thus the Magistrate Judge went with the same or similar conclusion rendered by said Court, but without reviewing the Cause (Why) it was late and or untimely, and the Prejudice (Harm) on account of Appellate Counsel's ineffectiveness.

The Honorable Court has failed to view indept into the case at bar. It is to be noted that:

1. A Writ of Habeas Corpus was granted in regards to an out of time appeal.
2. Appellate Counsel was appointed.
3. Appellate Counsel filed Anders Brief.

WHEREFORE PREMISES considered Petitioner PRAYS the Honorable Court Grant RELIEF, Certificate of Appealability.

RESPECTFULLY SUBMITTED,

*Oscar Garza*

OSCAR RODRIGUEZ GARZA
# 568139
WM. G. Mc CONNELL UNIT
3001 S. EMILY DR.
BEEVILLE, TEXAS 78102

EXECUTED ON 04-08-'04
2:00 P:M

3.

MEMORANDUM OF LAW

A Criminal defendant has a constitutional right to effective assistance of counsel in his first Appeal as of right. See <u>Evitts v. Lucey</u>, 469 U.S. 387, 393-5, 105 S. Ct. 830, 834, 83 L.Ed. 2d 821, (1985). In <u>Penson v. Ohio</u>, the S. Ct. distinguished between two types of claims involving the denial of assistance of Appellate Counsel. First, where a petitioner, argues that Counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial, See <u>Penson</u>, 488 U.S. at 84, 109 S.Ct. at 352-54 (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 689-94, 104 S.Ct. 2052, 2065-67, 80 L.Ed. 2d 674 (1984). Second, where the complained of performance of counsel constituted an actual or constructive complete denial of the assistance of counsel, prejudice is presumed. See Id. at 488 U.S. at 88-89, 109 S. Ct. at 354 The actual or constructive, denial of the assistance of counsel altogether is legally presumed to result in prejudice.

In the case at bar, Appellate Counsel filed the Anders Brief, " stating that he could find no issue(s) that merit a Reversal. An inference can be drawn that said Appellate Counsel ' did nothing to attempt to aid Petitioner's appeal."

If there are one or more indisputably nonfrivolous issues for appeal, Counsel must do more than simply file a wholly conclusory 'no merit brief."

Petitioner contents that he was constructively denied assistance of counsel on appeal, Please take judicial note that

A.

Writ of Habeas Corpus was GRANTED granting an out of time appeal. Because his Appellate Counse filed a brief which DID NOT assert any arguable error, therefore, prejudice should be presumed.

Anders requires counsel who believes appeal would be frivolous [First] to conduct "a conscientious examination of the case." [Anders]' at 744, [87S.Ct. at 1400]... If he or she is then of the opinion that the case is whooly frivolous, Counsel may request leave to withdraw. The request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal Ibid, Penson, S. Ct. at 350.

Petitioner may have been formally represented by counsel, but counsel's failure to raise any grounds was the equivalent to prejudice in that grounds and or issues not advanced and or preserved for futher review constitutes ineffective assistance of Counsel.

B.

CERTIFICATE OF SERVICE

I, OSCAR RODRIGUEZ GARZA, Petitioner, hereby certifies that a true and a correct copy of the attached and foregoing Petitioner's Objections To Report and Recommendation of Magistrate Judge Regarding Certificate of Appealability has been mailed to BOTH the Clerk, U.S. Dist. Ct., Southern Dist. of Texas, Brownsville Division, 600 East Harrison St., Brwonsville, Tx., 78520-7114, and Attorney General of Texas, P.O. Box 12548, Austin, Texas, 78-711-2548.

*Oscar Garza*
OSCAR RODRIGUEZ GARZA,

UNSWORN DECLARATION

I, OSCAR RODRIGUEZ GARZA, being presently incarcerated at the Wm. G. Mc Connell Unit, ( TDCJ-ID), in Beeville, Bee County, Texas, declare under the penalty of perjury that the foregoing is true and correct citing sec. 132.002, Tex. Civil Practice and Remedies Code and Owens v. State, 763 S.W.2d 489 (Tex. App. - Dallas, 1988 ).

EXECUTED ON 04-08-'04
2:00 P!M

*Oscar Garza*
OSCAR RODRIGUEZ GARZA
# 568139
WM. G. Mc Connell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

c.